IRVING HURANT, Respondent, *v.* MORITZ FAERBER, Appellant.

Supreme Court, Appellate Term, First Department, June 9, 1925.

**Landlord and tenant — action to recover for breach of alleged lease — defendant was one of two colessors mentioned in written lease — other colessor refused to sign — lease was never in existence — damages not recoverable from defendant for refusal to give possession.**

One of two colessors is not liable in damages for refusal to give possession of premises alleged by plaintiff to have been leased to him, where it appears that the lease stated that there were two lessors, and where it appears further that the defendant signed the lease but that the other owner refused to sign, for there was never any lease in existence.

APPEAL by the defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, rendered by the court without a jury in favor of the plaintiff.

*Samuel N. Freedman* (*David C. Myers* of counsel), for the appellant.

*Maurice Rosenthal,* for the respondent.

LEVY, J.:

The plaintiff has recovered a judgment for damages against the defendant for breach of an alleged written contract of lease, under which the latter claimed to be entitled to possession of a certain portion of a store in Coney Island for the term of three

years, at an aggregate rental of $4,800, payable $200 on January 10, 1925, and other installments at later periods. At the time of the execution of the alleged lease the plaintiff and a certain Gonshack were occupying the premises as partners, for a term ending December 31, 1924. The lease under which they held was in writing, from the defendant and Max Tuchfeld as colessors. The plaintiff, having agreed to dissolve with his partner at the end of the term, was endeavoring to secure a lease for himself, to begin after the expiration of the then existing tenancy. The defendant agreed to give him such a lease, provided the plaintiff would secure the signature of Tuchfeld, his colessor, to such document. A written lease was then prepared by the defendant reading " between Max Tuchfeld and Moritz Faerber * * * lessors, and Irving Hurant * * * lessee." This instrument was signed: " M. Faerber (L. S.) " " Irving Hurant (L. S.)," and also contained a blank third dotted line. In this form the plaintiff took the writing and handed a check to the defendant for $100 as security under the terms of the alleged lease, which check, however, the latter never deposited or otherwise negotiated. On January 8, 1925, two days before the due date, the plaintiff tendered to the defendant $200 in cash as the first payment under the agreement but the latter would not accept it on the ground that Tuchfeld had refused to approve the lease or join in its execution. The plaintiff then brought this action against the defendant for damages in the sum of $1,000 for his failure to give him possession of the premises.

The plaintiff denies that the written instrument under which he is suing was delivered to him on condition that it was not to be effective until signed by Tuchfeld. But even if we are to accept this denial, it is difficult to see on what theory in this cause of action the plaintiff could recover damages against the defendant. Both from the wording of the old lease and the terms in the body of the instrument which gives rise to his claim, he was well aware that the defendant had a joint interest with Tuchfeld in the premises and that the defendant's signature on the instrument was insufficient to pass the interest claimed to the plaintiff, in the absence of acquiescence or adoption by Tuchfeld. (*Valentine* v. *Healey*, 158 N. Y. 369.)

There was no proof of such acquiescence, nor is there any evidence to show that the defendant chose to sign both for himself individually and for his cotenant in a representative capacity. The instrument was, therefore, not binding, because it was not executed by both the lessors named therein, their consent or that of their authorized agents being necessary for the proposed lease to ripen into a con-

tract. Outside of this, the failure of the defendant to deposit the check for the security or make use of its avails bears out his version that the delivery of the alleged written lease was contingent upon the plaintiff's obtaining its execution by Tuchfeld.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.